FILED

2016 Jun-27  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. TOWNSEND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  1:15-cv-02256-KOB-HGD |
| | ) | |
| WARDEN JOSEPH HEADLEY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 11, 2016, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.  (Doc. 8).  The plaintiff filed objections to the report and recommendation on May 27, 2016.  (Doc. 9).

The plaintiff first objects to the magistrate judge's finding that he must pursue his claims for destruction of his personal property through the Alabama Board of Adjustment.  (Doc. 9 at 1, doc. 8 at 6).  Although the plaintiff attempts to equate the lack of response from the Board of Adjustment to an inability to pursue this claim

here, no basis for such a conclusion exists.[1]  As set forth in the report and recommendation, the plaintiff must pursue this claim through the Board of Adjustment.  (Doc. 8 at 7).  Should the Board of Adjustment deny his claim, the plaintiff may appeal this denial to the courts of Alabama.  (*Id*., at 6-7; citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

The plaintiff next objects to the magistrate judge's ruling that the plaintiff's pleadings are insufficient to establish a § 1983 claim for conspiracy.  (Doc. 9 at 2).  However, as found in the report and recommendation, the plaintiff did no more than allege a conspiracy existed, which is legally insufficient to bring such a claim.  (*See* doc. 8 at 8, citing *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)).

Finally, the plaintiff asserts that his religious freedom claim should go forward.  (Doc. 9 at 2).  The magistrate judge examined this claim both under the First Amendment and under the Religious Land Use and Institutional Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*.  The magistrate judge found that under either standard, the plaintiff failed to allege any impact on his practice of any religion.[2]  (Doc. 8 at 9-11).  The plaintiff objects by stating, in full,

---

[1] In the report and recommendation, the magistrate judge noted that the plaintiff's Board of Adjustment claim appeared to still be pending at the time of filing this action.  (Doc. 8 at 7 n.1).

[2] The plaintiff failed to identify any particular religion he followed in either his original complaint or his amended complaint.  The magistrate judge noted that, at best, the plaintiff alleged he was a "free sovereign Moor."  (Doc. 9 at 9 n. 2).

> My name is John D.L. Townsend-Bey I am a active member of Moorish Science Temple of American.  And the Religious material they destroy is my chartel paper I use to open up as Grand-Shiek here in Alabama. All my paper has a symbol of Circle 7 on it . . . .  By officer doing this intentional they violated my 1ˢᵗ Amendment Right to practice my religious.

(Doc. 9 at 2-3, errors in original).

Nothing in this statement explains how the plaintiff's religion has been burdened.  The plaintiff states only that a piece of paper destroyed by some unidentified prison official was used to "open up as Grand-Shiek . . . ." (Doc. 9 at 2). However, the plaintiff was informed by the report and recommendation that his failure to allege a burden on his practice of a religion or an impact on his practice of religion was fatal to his claim.  (Doc. 8 at 10-11).  According to the plaintiff's amended complaint, some of the plaintiff's items were deemed contraband and destroyed.[3]  He was then transferred to another work release center a few hours later. (*See* doc. 8 at 4).  Absent from his original complaint, his amended complaint, and his objections to the magistrate judge's report and recommendation, is any allegation that the alleged destruction of religious material had any impact on the plaintiff's practice of religion.

---

[3] Attached to the amended complaint was an "Inmate Property Sheet" dated October 26, 2015.  (Doc. 7 at 17).  That sheet, signed by the plaintiff, informed him that numerous items he had were considered contraband and if the items were not removed, they would be destroyed.  (*Id*.).  A similar sheet dated October 27, 2015, listed further items the plaintiff could not retain.  (Doc. 7 at 18).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court finds that the magistrate judge's report is due to be and is hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the plaintiff's amended complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

The court will enter a Final Order.

DONE and ORDERED this 27th day of June, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE